**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRINITY BREWING COMPANY, a Colorado corporation, | : : : : |
| Plaintiff, | : : |
| v. | :   CIVIL ACTION. NO. |
| KROS STRAIN BREWING COMPANY, LLC, a Delaware limited liability company, | : : : : |
| Defendant. | : : |

**COMPLAINT**

Plaintiff Trinity Brewing Company ("Plaintiff" or "Trinity"), by and through its undersigned counsel, for its Complaint against Defendant Kros Strain Brewing Company ("Defendant" or "Kros Strain") for trademark infringement and unfair competition, allege as follows:

**NATURE OF THE ACTION**

1. Trinity owns a federally registered mark for its premier craft beer, Super Juice Solution, Sour IPA ("Super Juice"). Trinity has been brewing and selling Super Juice since August 31, 2015, and is well-known for creating unique and artisanal beers, including Super Juice.

2. Seeking to capitalize on the goodwill associated with Trinity, Super Juice, and its other well-known and award winning beers, Kros Strain released its "Supajuice Double IPA" beer in July 2017.

3. Trinity brings this action to prevent Kros Strain from further infringing on its federally protected trademark rights and unfairly competing with Trinity, and to protect its hard-earned goodwill and brand recognition.

## THE PARTIES

4. Plaintiff Trinity Brewing Company is a Colorado corporation. It is organized in Colorado, has its principal place of business in Colorado, and does business nationwide.

5. Defendant is a Delaware limited liability company, organized in Delaware, and having its principal place of business located at 10411 Portal Road, #102, La Vista, Nebraska 68128.

6. As of the filing date of this complaint, the Delaware Secretary of State website lists National Registered Agents, Inc. as Defendant's agent for service of process, with a registered agent address of 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1367. This case primarily involves federal questions of trademark infringement under the Lanham Act. Supplemental jurisdiction exists over Trinity's state law claim under 28 U.S.C. 1367(a).

8. This Court has general personal jurisdiction over Defendant because Delaware is Defendant's place of incorporation / organization.

9. Venue properly lies in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Defendant is an entity subject to this Court's general personal jurisdiction.

## GENERAL ALLEGATIONS

### Trinity's Prior Use of The Super Juice
### Mark in Connection with its Super Juice Solution, Sour IPA.

10. Trinity focuses on brewing artisanal craft beers in an eco-sensitive manner. Trinity sells its beers, including Super Juice, from its pub in Colorado Springs, Colorado. Trinity's pub has been consistently rated as the best brew pub in Colorado and as one of the best

brew pubs in the world. Similarly, Trinity has won numerous awards for its beers, including receiving numerous medals at prominent beer festivals.

11. In 2014, Trinity expanded its capacity to brew beer, upgrading from a 4 barrel brewing system capable on brewing 400 barrels / year, to a 12 barrel system allowing Trinity to produce 1600 barrels or more of craft beer a year.[1]

12. Trinity distributes its beers in Colorado, New York, Pennsylvania, Washington D.C., Oregon, Washington, North Carolina, Ohio, Illinois, Tennessee and Sweden. In addition, Trinity has showcased its beers, including Super Juice, at beer festivals throughout the United States.

13. Trinity has been brewing and selling Super Juice beer since August 31, 2015, and owns a federal trademark for "Super Juice Solution" for goods in International Class 32 (specifically beer). [Trinity attaches as Exhibit 1 a true and correct copy of its Trademark Reg. No. 4,957,305, Reg. Date May 10, 2016].

14. Trinity's Super Juice mark is a strong trademark that is distinctive and source identifying for the Super Juice Solution beer sold at Trinity's brewery and across the country. Trinity's Super Juice mark is inherently distinctive because the words Super and Juice do not describe the product (the beer contains no juice or fruit), but are being used in a unique manner divorced from their original English meaning. Thus, the Super Juice mark has a unique meaning and has gained a secondary meaning in the craft beer world that indicates Trinity as the source of the product.

---

[1] For reference, a conventional sized 'keg' holds 1/2 a barrel of beer. Thus, 1600 barrels is enough beer to fill 3200 conventional sized kegs.

15. The aforementioned registration gives Trinity the presumption of exclusive trademark rights, validity, prior use and ownership of the Super Juice mark. The Super Juice mark consequently embodies the valuable goodwill and reputation Trinity and its Super Juice Solution beer has earned in the marketplace.

16. Trinity packages and distributes its Super Juice Solution in 12 oz. bottles and 22 oz. bottles (sometimes called 'bombers').

17. Trinity has invested considerable resources to develop and promote the Super Juice mark and to associate the mark with its business. For the last three years, Trinity has showcased and advertised its Super Juice mark on the beer's label, in artwork at its pub, and on the internet at trinitybrew.com, as well as in other social media like Facebook, Instagram and Twitter.

18. In addition, the Super Juice mark has appeared in articles, reviews and other publications about craft beers. [Trinity attaches as Exhibit 2 examples of its use of the Super Juice mark, including, the microbusbrewery.org home brewing post, and beersonwindowsills.com and behindthetap.blogspot.com reviews].

19. Craft beer enthusiasts also frequent internet communities like www.taphunter.com, www.ratebeer.com, www.beeradvocate.com and untappd.com, for information about breweries and beers. Trinity's Super Juice mark appears multiple times on each of these websites. [Trinity attaches as Exhibit 3 examples of its use of the Super Juice mark; beeradvocate.com, ratebeer.com, taphunter.com and untappd.com profiles].

20. Trinity has also featured the Super Juice mark at several public beer festivals around the country. Beer festivals are very important avenues for generating good will for craft breweries like Trinity, and that good will in turn increases distribution and sales.

21. The Great American Beer Festival ("GABF") takes place annually in Denver, Colorado, and is the highest attended beer festival in the nation. Trinity has won several GABF medals for its beers in the last decade. Trinity's owner and founder, Jason Yester, has a reputation for his knowledge and expertise brewing unique beers. Mr. Yester is one of around one hundred people in the world who are certified to judge the competition. This distinction is a reflection of the goodwill and reputation that Trinity and Jason Yester have built over the last decade of operations.

22. Because of Trinity's investment and its substantial use of the Super Juice mark, the mark has become associated exclusively with goods and services originating from Trinity, and in particular with Trinity's Super Juice. Trinity has sold significant amounts of Super Juice, both in Colorado and around the country. The Super Juice mark also embodies the valuable goodwill and reputation that Trinity has earned in the marketplace.

23. Customers routinely refer to the "Super Juice Solution, Sour IPA" beer bearing the Super Juice mark simply as, "Super Juice".

**Defendant's Intentional Wrongful Actions**

24. Kros Strain began construction of its brewery in January 2017, and opened its doors in July 2017.

25. Although Kros Strain is a much newer craft brewery than Trinity, it has a large capacity 15 barrel brewing system. One of Kros Strain's founders, Robert Kros ("Kros"), explained that they use a large system to "accommodate their production needs for distribution." [Trinity attaches as Exhibit 4 a true and correct copy of the July 2017 issue of Perfect Pour Magazine at p. 18].

26.     On July 18, 2017, Kros Strain announced the release of "Supajuice Double IPA." [Trinity attaches as Exhibit 5 a true and correct copy of Kros Strain's July 18, 2017 tweet on its Twitter account @krosstrainbeer].

27.     Kros Strain uses and infringes Trinity's Super Juice mark in commerce by selling its Supajuice beer in stores and its brewery location to customers crossing state lines.  [Trinity attaches as Exhibit 6 a true and correct copy of a December 2017 article from Milwaukee Magazine naming Supajuice as one of "[t]he top 10 (non-Milwaukee) Beers of 2017"].

28.     Kros Strain packages its Supajuice beer exclusively in 22 oz. bottles, or 'bombers' for distribution.  Based on the fact that Supajuice is one of four beers that Kros Strain bottles and packages for broad distribution, Trinity believes that Kros Strain has offered or will offer for sale its Supajuice beer outside of Nebraska, and in markets where Trinity sells or will sell its Super Juice beer.

29.     When deciding what to name its beers, Kros Strain performs internet searches to see if its beer name candidates are already in use by other breweries.

30.     In a July 2017 interview with Perfect Pour magazine, Robert Kros admitted that there "was no deep meaning or theme behind our naming process, we just try to think of fun names", and also complained that after "googling" potential names he found that "half of the names we come up with are already taken".  [Exhibit 7, Perfect Pour Magazine Article at p. 19].

31.     By the time Kros Strain came up with the name "Supajuice" in 2017, Trinity had been using its Super Juice mark in commerce on an IPA style beer for two years.  Trinity's ownership and use of the Super Juice mark would have been obvious to Kros Strain from a Google search.

32. Upon discovering Kros Strain's adoption and use of a mark on an IPA style beer that is confusingly similar to its Super Juice mark, Trinity immediately sought to protect its Super Juice mark in an amicable way.

33. On March 13, 2018, Trinity sent a letter to Kros Strain's owners and founders, Robert Kros and Scott Strain, explaining that Trinity owned the registered trademark for its beer Super Juice Solution. Trinity then asked that Kros Strain cease and desist any use of the infringing Supajuice mark in association with the marketing, sale, distribution or identification of its products. [Trinity attaches as Exhibit 8 a true and correct copy of the March 13, 2018 letter].

34. On March 21, 2018, Kros Strain's attorney, Christopher Bikus, responded to the March 13 letter and explained he was "looking in to this matter" and would send a more substantive response soon. [Trinity attaches as Exhibit 9 a true and correct copy of Kros Strain's March 21, 2018 letter].

35. On March 29, 2018, Mr. Bikus responded to the March 13 letter stating that Kros Strain "will not rename its Supajuice beer" or adopt any phase out plans. [Trinity attaches as Exhibit 10 a true and correct copy of the March 29, 2018 letter].

36. In its March 29 letter, Kros Strain acknowledged Trinity's ownership of the Super Juice Solution trademark, but argued that there was no likelihood of confusion between Trinity's Super Juice Solution Sour IPA and Kros Strain's Supajuice Double IPA.

37. Customers are likely to confuse Trinity's Super Juice beer and Kros Strain's Supajuice beer because: (1) the names are essentially identical, both visually and phonetically; (2) Super Juice and Supajuice are both IPA style beers sold in 22 oz. bottles or bombers; (3) they are brewed by similar sized companies with overlapping clientele; and (4) craft brewing

7

customers have, over the last three years, come to associate the phrase "Super Juice" with Trinity's Super Juice Solution, Sour IPA.

38. Kros Strain's refusal to recognize Trinity's exclusive rights to Super Juice and to voluntarily cease infringing Trinity's trademark has forced Trinity to file this lawsuit.

## COUNT ONE:  Unfair Competition
## (Lanham Act § 43 (15 U.S.C. § 1125(a)))

39. Trinity hereby incorporates all allegations set forth in this Complaint as if fully set forth herein.

40. This is a claim for trademark infringement and unfair competition arising under § 43 of the Lanham Act, codified at 15 U.S.C. § 1125(a).

41. Defendant has been using the infringing Supajuice mark in connection with craft brewing products and services in interstate commerce in a way that is likely to confuse customers about the origin, sponsorship, or approval of its goods and services.

42. Defendant has at all relevant times actually or constructively known of, or been willfully blind to, Trinity's prior common law and federally protected trademark rights, such that Defendant's actions constitute willful trademark infringement.

43. Defendant's willful actions of trademark infringement and unfair competition have caused damage and irreparable injury to Trinity in an amount to be determined at trial.

44. Trinity has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief.

## COUNT TWO:  Registered Trademark Infringement
## (Lanham Act § 32 (15 U.S.C. § 1114))

45. Trinity hereby incorporates all allegations set forth in this Complaint as if fully set forth herein.

46. This is a claim for trademark infringement of a federally registered trademark arising under § 32 of the Lanham Act, codified at 15 U.S.C. § 1114.

47. Trinity owns all right, title, interest and all goodwill associated with the beer connected with and symbolized by the mark for goods recited by Trinity's Super Juice Solution trademark registration.

48. Defendants are not authorized to use the Super Juice mark or any mark confusingly similar or that in any way represents or implies that Defendant and / or Defendant's goods are in any way associated with Trinity or its Super Juice beer.

49. Through the Super Juice Solution mark registration, Trinity has established prior federal trademark rights presumptively throughout the United States for the Super Juice mark in connection with craft brewing goods and services.

50. Defendant has been using its infringing and confusingly similar Supajuice mark in connection with craft brewing products and services in interstate commerce by selling to customers who have crossed state lines to make purchases, and by advertising to customers outside Nebraska through Kros Strain's website and social media accounts.

51. Trinity used and registered its Super Juice mark before Defendant had opened for business or used its infringing Supajuice mark in commerce.  As such, Trinity has established priority in, and the exclusive right to continue to use, the Super Juice mark.

52. Defendant has used and continues to use its infringing Supajuice mark for craft brewing products and services in interstate commerce in a way that is likely to confuse customers.

53. Defendant's willful actions of registered trademark infringement have caused damage and irreparable injury to Trinity in an amount to be determined at trial.

54. Trinity has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief.

### COUNT THREE:  Unfair Competition

55. Trinity hereby incorporates all allegations set forth in this Complaint as if fully set for herein.

56. Defendant's use of its infringing Supajuice mark in the course of its business does and will constitute unfair competition.

57. Defendant's wrongful acts, as described in this Complaint, are unlawful, unfair and have caused damage to Trinity and injure its business.

58. Because of Defendant's acts outlined in the Complaint, Defendant has intentionally caused a likelihood of confusion among the public to trade upon Trinity's goodwill established in the Super Juice mark and has unfairly competed with Trinity.

59. Trinity has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief, in addition to damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Trinity prays for judgment as follows:

A. An award of actual damages in an amount to be proven at trial;

B. An award of Defendant's profits, actual and statutory damages, trebled damages, and the cost of this action as provided under the Lanham Act and the common law;

C. Injunctive relief preventing Defendant from further infringement of Trinity's trademark rights;

D. An Order requiring Defendant to affirmatively remove any reference to its Supajuice mark from any advertising and promotional materials, in either printed or electronic

form including, but not limited to, social media accounts, web pages, radio / television advertisements, signage and any other promotional materials.

  E. An Order directing Defendant to file with the Court and serve on Trinity a report setting forth the manner and form in which it has complied with the injunction against infringement;

  F. An award of prejudgment and postjudgment interest;

  G. An award of reasonable attorneys' fees and expenses; and

  H. Such other and further relief as the Court may deem just and proper.

May 4, 2018

        */s/  Brittany M. Giusini*
        Brittany M. Giusini (#6034)
        BALLARD SPAHR LLP
        919 N. Market St.
        11th Floor
        Wilmington, DE 19801
        Tel.: 302-252-4465
        Fax: 302-252-4466
        Email: giusinib@ballardspahr.com

        OF COUNSEL:

        Matthew A. Morr
        BALLARD SPAHR LLP
        1225 Seventeenth Street, Suite 2300
        Denver, CO  80202
        Tel.:  303-292-2400
        Fax:  303-296-3956
        Email: morrm@ballardspahr.com

        *Attorneys for Plaintiff*
        *Trinity Brewing Company*